IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § | MAGISTRATE NO. H-18-1186 |
| | § § | |
| FERNANDO CEDENO CARPIO | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. §§ 3142(e), (f)(1)].

    [ ] (1) The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ] a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ] an offense for which the maximum sentence is life imprisonment or death.

        [ ] an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ] a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2) The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant

                from imprisonment) for the offense described in finding 1.

        [ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ]   B.   Findings of Fact [18 U.S.C. § 3142(e)]

    [ ] (1) There is probable cause to believe that the defendant has committed an offense

        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]   under 18 U.S.C. § 924(c).

    [ ] an offense listed in section 2332b(g)(5)(B) of title 18 for which a maximum term of imprisonment of ten years or more is prescribed;

    [ ] an offense under chapter 77 [Peonage, Slavery, and Trafficking in Persons] of this title for which a maximum term of imprisonment of twenty years is prescribed;

    [ ] an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

    [ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1) Defendant is charged with using the social security number and identity of another.

[x] (2) There is a serious risk that the defendant will flee.

[x]  (3) Defendant has lived for the past six years using the identity of another person.

[ ]  (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

### Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is a thirty-four-year-old citizen of the Dominican Republic charged with misuse of another person's social security number and identity theft. His wife is seeking legal status through her marriage to Defendant. It is alleged that he obtained a commercial drivers license in Massachusetts in 2017 using the identity of Gilberto Ventura, a U.S. citizen of Puerto Rican descent. During that renewal process, facial recognition identified him as Fernando Cedeno-Carpio, a legal permanent resident who failed to renew his green card.

2. The government offered evidence that there was an outstanding warrant dated February 15, 2012, for the arrest of Fernando Cedeno-Carpio in Mississippi for a parole violation. Cedeno-Carpio had been convicted of possession of cocaine and had violated his parole by failing to appear, failing to pay supervision fees and failing to participate in a required drug/alcohol program.

3. The government also offered evidence that on November 9, 2011, a warrant was issued for the arrest of Cedeno-Carpio for trafficking in cocaine, conspiracy and a drug violation near a school/park. That warrant remains outstanding.

4. A search warrant executed at the time of his arrest in Houston, Texas, revealed that Defendant was living under his assumed name, Gilberto Ventura, had leased his apartment in the name of Gilberto Ventura, had filed tax returns under the name Gilberto Ventura for tax years 2015, 2016, and 2017, and was

employed in 2017 under the name Gilberto Ventura.

5. Although Defendant argues that he has lived in the United States for a number of years and has not fled to the Dominican Republic, he has lived under a false name and has two active warrants for his arrest. His wife has no legal status in the United States. There is presently an immigration detainer on Defendant arising out of the present charges.

6. The court finds by a preponderance of the evidence that Defendant presents a serious risk of flight and that no condition or combination of conditions of release will assure his appearance in court. Detention is ordered.

## Directions Regarding Detention

It is therefore **ORDERED** that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed in Houston, Texas, this 10th day of August, 2018.

NANCY K. JOHNSON
UNITED STATES MAGISTRATE JUDGE